# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TYCHA BLACK,<br><br>    Plaintiff,<br>vs.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY,<br><br>    Defendant. | No. C18-3021-LTS<br><br>**ORDER** |

## I.    INTRODUCTION

This case is before me on a motion (Doc. No. 3) to dismiss, or in the alternative, motion for a more definite statement, by defendant American Family Mutual Insurance Company (American Family). Plaintiff Tycha Black (Black) has filed a resistance (Doc. No. 8) and American Family has filed a reply (Doc. No. 10). I find that oral argument is not necessary. *See* Local Rule 7(c).

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Black filed her petition on February 6, 2018, in the Iowa District Court for Webster County alleging breach of contract (Count I), fraud (Count II) and libel (Count III), arising out of the termination of her agency agreement with American Family. *See* Doc. No. 6.

Black alleges she became an agent for American Family on September 26, 2008. *See* Doc. No. 6 at 1. She entered into an Agent Agreement (the Agreement) with American Family on September 28, 2008. *Id.* On December 4, 2017, American Family terminated the Agreement. *Id.* at 1-2. In its termination letter to Black, American Family

stated it was terminating the Agreement because she "manipulated company systems in order to provide coverage for a relative's claim." *Id.* at 13.

Invoking federal diversity jurisdiction, American Family removed the case to this court on March 14, 2018, and filed its motion (Doc. No. 3) to dismiss the same day. It alleges Counts II (Fraud) and III (Libel) should be dismissed for failure to state a claim or, alternatively, that Black should be required to submit a more definite statement to which it can properly respond.

### III. APPLICABLE STANDARDS

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n. 4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am., Inc.*, 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

Rule 12(e) allows a party to move for a more definite statement "of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." *Id.*

## IV.   ANALYSIS

Because this is a diversity action, I must apply the substantive law, including choice-of-law rules, of the forum state. *Bank of Am., N.A. v. JB Hanna, LLC*, 766 F.3d 841, 851-52 (8th Cir. 2014). The parties have proceeded under the assumption that Iowa law applies to Black's claims. I will do the same.

### A.   *Count II – Fraud*

American Family argues Black's fraud claim fails on legal and factual grounds. As for the legal grounds, Black must prove: "(1) the defendant made a representation to the plaintiff, (2) the representation was false, (3) the representation was material, (4) the defendant knew the representation was false, (5) the defendant intended to deceive the plaintiff, (6) the plaintiff acted in justifiable reliance on the truth of the representation . . . , (7) the representation was a proximate cause of [the] plaintiff's damages, and (8) the amount of damages." *Dier v. Peters*, 815 N.W.2d 1, 7 (Iowa 2012). American Family argues Black fails to allege the sixth and seventh elements of a fraud claim. Her petition simply alleges that American Family manufactured a reason to terminate her Agreement. American Family contends Black must allege more than pretextual separation to state a claim of fraud.

As to the factual grounds, American Family argues Black's allegations do not meet the "heightened pleading requirement" for a fraud claim under Federal Rule of Civil Procedure 9(b). This rule provides: "In alleging fraud or mistake, a party must state

4

with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means a plaintiff must identify the "who, what, when, where, and how: the first paragraph of any newspaper story." *See Great Plains Trust Co. v. Union Pac. R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir.), *cert. denied*, 498 U.S. 941 (1990)). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *Commercial Property Invs. Inc. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (8th Cir. 1995)). American Family claims Black has failed to identify the alleged representation and to allege how the representation was false, how American Family knew the information was false, what actions Black took in reliance on the alleged representation or how her reliance caused her damages.

Black's fraud claim consists of the following allegations specific to that claim, in addition to all previous allegations in the petition:

11. American Family's termination of Plaintiff's Agent Agreement is based on an intentional and willful misrepresentation of fact.

12. American Family has intentionally misstated acts by Plaintiff in an attempt to justify the termination of Plaintiff's Agent Agreement.

13. American Family's action is based on deceit and intentional disregard for the truth.

14. American Family's intentional and willful misrepresentation was designed to unjustly terminate the agency relationship of the Plaintiff to cause Plaintiff both inconvenience and financial loss.

15. American Family's conduct constitutes fraud.

16. As a result of American Family's fraud, Plaintiff has suffered damages including, but not limited to, consequential damages, punitive damages, and attorney's fees. Punitive damages are warranted as a result of American Family's malicious intent to

5

> terminate Plaintiff's Agent Agreement with reckless disregard for the Plaintiff's rights.

*See* Doc. No. 6 at 2-3. Black argues that these allegations are sufficient to establish fraud, but that she also attempted to obtain American Family's investigative file related to Black's contract termination and American Family refused. She states the circumstances constituting fraud are "her unjustified termination based on willful and deceitful misrepresentation." Doc. No. 8 at 4.

Black's fraud claim is deficient for several reasons. First, her allegations are conclusory and merely recite the elements. *See Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted); *United States ex rel. Raynor v. Nat'l Rural Utils. Co-op Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Second, as American Family points out in its reply, Black does not allege all the elements of a fraud claim. Noticeably missing from her petition is any allegation related to justifiable reliance on the alleged misrepresentation. *See Dier*, 815 N.W.2d at 7 (listing elements of a fraud claim).

Third, Black's allegations fall short of the particularity requirements under Rule 9(b). She does not identify the alleged representation, who made it, when it was made, how it was made and what she did in response. *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (explaining that Rule 9(b) requires plaintiff to plead "the who, what, when, where, and how: the first paragraph of any newspaper story."). While malice, intent and knowledge may be alleged generally, the circumstances constituting fraud must be stated "with particularity." Fed. R. Civ. P. 9(b). Black's argument that she does not have this information because American Family declined to engage in pre-

suit discovery is a non-starter. If Black believes she was defrauded, she should be able to identify who, what, when, where, why and how without resorting to a fishing expedition.

In sum, Black's allegations, even if true, do not constitute fraud. She has merely asserted that American Family's reason for terminating the Agreement is unfounded. While American Family has requested a more definite statement in the alternative to dismissal, I find that this would be futile. *See Meighan*, 978 F. Supp. 2d at 982. After American Family filed its motion, and pointed out the rather-obvious deficiencies in Black's attempt to plead fraud, Black had the opportunity to amend her pleading without leave of court. *See* Fed. R. Civ. P. 15(a)(1)(B). The fact that she did not do so, and instead elected to stand on her initial pleading, strongly suggests that she is unable to cure the deficiencies by alleging additional facts in good faith. Nothing in Black's pleading, or in her resistance to the motion, suggests that she can assert a plausible fraud claim. Therefore, I find that dismissal of Count II is appropriate.

### B.   *Count III – Libel*

American Family alleges Black's libel claim fails because she has not identified the alleged libelous statement that was made, to whom, when and how the statement was published to a third party and how the statement caused her injury.

"Iowa courts recognize two types of libel: 'libel per se and libel per quod.'" *Doe v. Hagar*, 765 F.3d 855, 860 (8th Cir. 2014) (quoting *Schlegel v. Ottumwa Courier, Inc.*, 585 N.W.2d 217, 222 (Iowa 1998)). "A statement is libelous per se if it has 'a natural tendency to provoke the plaintiff to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence or social intercourse.'" *Johnson v. Nickerson*, 542 N.W.2d 506, 510 (Iowa 1996) (quoting *Prewitt v. Wilson*, 103 N.W. 365, 367 (Iowa 1905)). For example, making published statements accusing a person of being a liar, a cheater or a thief is considered libel per se. *See Bierman v. Weier*, 826 N.W.2d 436, 444 (Iowa 2013) (quoting *Spencer v. Spencer*, 479 N.W.2d

293, 296 (Iowa 1991)). "A statement is libelous per quod if it is necessary to refer to facts or circumstances beyond the words actually used to establish the defamation." *Id.*

Here, Black alleges libel per se. Therefore, she has the burden of proving that American Family "(1) published a statement that was (2) defamatory as a matter of law and (3) was of and concerning [Black]." *Hagar*, 765 F.3d at 861 (citing *Bierman*, 826 N.W.2d at 464). Falsity, malice and injury are presumed for claims of libel per se and plaintiff need not prove these elements. *Id.* (citing *Kiesau v. Bantz*, 686 N.W.2d 164, 175 (Iowa 2004) *overruled on other grounds by Alcala v. Marriot Intern., Inc.*, 880 N.W.2d 699 (Iowa 2016)).

Black makes the following allegations specific to her libel claim, in addition to all previous allegations in the petition:

> 18. In terminating Plaintiff's Agent Agreement, American Family published allegations that the Plaintiff engaged in unethical, illegal, and unauthorized conduct by manipulating Company systems to gain personal advantage.
>
> 19. American Family's publication is false with the intent to injure Plaintiff's reputation and expose Plaintiff to public contempt or ridicule.
>
> 20. American Family's publications constitute libel per se.
>
> 21. American Family acted with malice.
>
> 22. American Family's false publication was with knowledge of its falsity and with reckless disregard for the truth.
>
> 23. Plaintiff has been damaged by being subjected to public contempt and loss of reputation within the insurance industry and public. Plaintiff is entitled to recover damages to include economic loss as a result of American Family's libelous publication plus non-economic damages.

Doc. No. 6 at 3-4. In her resistance, Black states that "American Family claimed and still claims that the Plaintiff manipulated (altered company equipment deceitfully)

8

company systems." Doc. No. 8 at 4. She also states that American Family has filed formal complaints against Black with the Iowa Insurance Division in an attempt to have Black's privilege to sell insurance revoked or limited.[1] *Id.* She claims that "[o]n information and belief, American Family has published its contention that Plaintiff manipulated company systems to not only the state of Iowa but to a number of individuals throughout the insurance industry as well as colleagues of Plaintiff and other insurance representatives." *Id.* Of course, these allegations are nowhere to be found in Black's petition. *See* Doc. No. 6.

Black's petition does not identify a particular libelous statement, nor does it allege where and when it was allegedly published, or to whom.[2] These omissions make it difficult for American Family to respond. *See Freeman v. Bechtel Const. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (explaining that unless the complaint sets forth the alleged defamatory statements and identifies the person to whom they were published, the defendant is unable to form a response). As with her fraud claim, Black had the opportunity to amend her pleading in response to American Family's motion to dismiss but did not do so. However, Black's resistance contains sufficient information to suggest a possibility that she may be able to cure the deficiencies in her libel claim. Therefore, I will allow her to amend Count III pursuant to Rule 12(e).

## V. CONCLUSION

For the reasons stated herein, American Family's motion (Doc. No. 3) to dismiss and, in the alternative, for a more definite statement, is **granted** as follows:

---

[1] Black cites an alleged letter dated February 26, 2018, from the Iowa Insurance Division in support of this assertion, but did not attach this letter to her resistance.

[2] Because Black alleges libel per se, she need not identify damage to her reputation. *See Schlegel*, 585 N.W.2d at 222 ("When statements are libelous per se, they are actionable in and of themselves without proof of malice, falsity, or damage.").

1. Count II of Black's petition is hereby **dismissed** for failure to state a claim upon which relief may be granted.

2. As to Count III, I will give Black an opportunity to amend her factual allegations to provide a more definite statement and cure the deficiencies in that claim. Black may file an amended complaint, with the amendments limited to allegations supporting Count III, on or before **May 2, 2018**. If Black does not file an amendment by that date, Count III will be dismissed. Regardless of whether Black amends Count III, American Family shall file an answer or another pre-answer motion, if appropriate, on or before **May 16, 2018**.

**IT IS SO ORDERED.**

**DATED** this 18th day of April, 2018.

_____
Leonard T. Strand, Chief Judge